UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN H. JONES (#313554)    CIVIL ACTION

VERSUS

WARDEN CATHY FONTENOT, ET AL.    NO. 10-0806-FJP-CN

O R D E R

This matter comes before the Court on the plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction, rec.doc.no. 17.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cathy Fontenot, Warden John Calvert, Col. Honneycutt, Lt.Col. Ducote, Major Tillman, Capt. Harris, Sgt. Johnson and unidentified "John Doe" and "Jane Doe" defendants, complaining that his constitutional rights were violated in October 9, 2009, when prison officials allowed visitors to the prison to videotape the plaintiff in his cell without the plaintiff's consent.

In the instant motion, the plaintiff now prays for injunctive relief, complaining that prison officials are opening his legal mail outside of his presence. He prays for an order compelling prison officials to cease this practice. The plaintiff is not entitled to the relief requested. First, to the extent that the plaintiff is complaining that the defendants' conduct has impinged upon his right of access to the courts, he has failed to allege that his position as a litigant has been prejudiced in any way by the alleged conduct. See Walker v. Navarro County Jail, 4 F.3d 410 (5th Cir. 1993). See also Henthorn v. Swinson,

955 F.2d 351 (5th Cir.), cert. denied, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992) (an inmate complaining of tampering with legal mail must show that his legal position has been harmed by the alleged tampering); Brewer v. Wilkinson, 3 F.3d 816 (5th Cir. 1993), cert. denied, 510 U.S. 1123, 114 S.Ct. 1081, 127 L.Ed.2d 397 (1994). Although the plaintiff apparently fears that the defendants may obtain unfair advance notice of his legal claims and strategy, this fear is speculative in nature and is not supported by anything in the record. Further, the plaintiff has also failed to state a cognizable claim of the violation of his right to free speech. Specifically, in light of the fact that prison officials have a legitimate security interest in opening and inspecting incoming mail for contraband, see Thornburgh v. Abbott, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), and in light of the fact that the plaintiff has alleged only that his legal mail has been opened, and not that it has been censored in any way, his claim does not rise to the level of a constitutional violation. See Walker v. Navarro County Jail, supra. Accordingly, the plaintiff has failed to establish any of the four elements which would warrant injunctive relief: (1) irreparable injury, (2) an absence of harm to the defendant if injunctive relief is granted, (3) an interest consistent with the public good, and (4) a likelihood of success on the merits. Canal Authority v. Callaway, 489 F.2d 567 (5th Cir. 1974). Therefore;

**IT IS ORDERED** that plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction, rec.doc.no. 17, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this ___16___ day of February, 2011.

_____
FRANK J. POLOZOLA
UNITED STATES DISTRICT JUDGE