UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN H. JONES (#313554)                         CIVIL ACTION

VERSUS

WARDEN CATHY FONTENOT, ET AL.                   NO. 10-0806-FJP-CN

O R D E R

This matter comes before the Court on the plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction, rec.doc.no. 30.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cathy Fontenot, Warden John Calvert, Col. Honneycutt, Lt.Col. Ducote, Major Tillman, Capt. Harris, Sgt. Johnson and unidentified "John Doe" and "Jane Doe" defendants, complaining that his constitutional rights were violated on October 9, 2009, when prison officials allowed visitors to the prison to videotape the plaintiff in his cell without the plaintiff's consent.

In the instant motion, the plaintiff now prays for injunctive relief, complaining that on March 15, 2011, prison officials entered his cell and confiscated certain items of his legal and personal property. He asserts that this action has been taken in retaliation for the instant lawsuit. He prays for an order compelling prison officials to return his property and to cease their retaliatory conduct.

The plaintiff is not entitled to injunctive relief. This is the third such motion filed by the plaintiff in this case, with the first two motions having been denied as meritless. See rec.doc.nos. 16 and 18.

This motion is no different, and the plaintiff has not provided any support for his contentions. First, the prison officials who allegedly confiscated the plaintiff's property are not named as defendants in this proceeding, and accordingly, the plaintiff's assertion that their conduct was retaliatory is wholly conclusory and unsupported. Second, although the plaintiff asserts that the taking of his legal books has impinged upon his right of access to the courts, he has failed to allege in what manner his position as a litigant has been prejudiced in fact by the alleged conduct. Crowder v. Sinyard, 884 F.2d 804 (5th Cir. 1989), cert. denied, 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990), citing Howland v. Kilquist 833 F.2d 639 (7th Cir. 1987) (holding that some showing of detriment must be made in order for an inmate to succeed on a claim alleging a deprivation of the right to meaningful access to the courts). Although the plaintiff asserts that he has "multiple motion[s] and writs filed in federal and state courts, civil and criminal proceedings", he does not allege that he is facing any critical deadlines in any of these pending proceedings or explain why the confiscation of the referenced materials will prevent him from filing timely pleadings therein. Nor does he explain why he cannot obtain any lawbooks he may need, or legal assistance, by requesting same from the prison library or from the inmate legal assistance program. Finally, a random and unauthorized taking of property by a state official does not violate the federal constitution if an adequate post-deprivation state remedy exists, Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 383 (1984), and the law is clear that remedies are available under which the plaintiff may proceed against the defendants for recovery of his property or for reimbursement for its loss. Accordingly, the plaintiff has failed

to establish any of the four elements which would warrant injunctive relief in this case, (1) irreparable injury, (2) an absence of harm to the defendant if injunctive relief were granted, (3) an interest consistent with the public good, or (4) a likelihood of success on the merits. <u>Canal Authority v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974). Therefore;

**IT IS ORDERED** that plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction, rec.doc.no. 30, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this 31 day of March, 2011.

FRANK J. POLOZOLA
**UNITED STATES DISTRICT JUDGE**